IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOMO REYNOLDS,

          Plaintiff,

v.

CITY OF ATLANTA, MAYOR M.
KASIM REED, Individually and in
His Official Capacity as Mayor of
the City of Atlanta,
COMMISSIONER YVONNE C.
YANCY, Individually and in Her
Official Capacity as Commissioner
of Human Resources for the City of
Atlanta, REBEKAH JOY
ROHADFOX, and individual, and
ROHADFOX CONSTRUCTION
CONTROL SERVICES
CORPORATION,

          Defendants.

1:13-cv-1494-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff Jomo Reynolds' ("Plaintiff") Motion for Leave to File A Second Amended Complaint [68] ("Motion").

I.    BACKGROUND

On May 3, 2013, Plaintiff filed this action against Defendants City of Atlanta, Mayor M. Kasim Reed, Commissioner Yvonne C. Yancy, Rebekah Joy

Rohadfox, and Rohadfox Construction Control Services Corporation (collectively, "Defendants"), alleging that Defendants violated federal and state law by causing him to be terminated for complaining about improper behavior of a former employee. On March 31, 2015, the Court granted in part and denied in part Defendants' Motions to Dismiss Plaintiff's First Amended Complaint. (March 31, 2015, Order [50]). In its Order, the Court required Defendants Reed and Yancy to file a renewed motion to dismiss addressing whether the remaining claims against them should be dismissed on the ground of qualified immunity.

On April 15, 2015, Plaintiff filed his Motion, seeking to amend his Complaint to "clarify/specify certain allegations contained in his First Amended Complaint that touch on the [qualified immunity] issue on which the Court has ordered additional briefing." (Mot. at 2). Specifically, Plaintiff seeks to add allegations defining Plaintiff's job duties and responsibilities. On April 20, 2015, Defendants Reed and Yancy filed their renewed motion to dismiss [70] ("Motion to Dismiss"), seeking to dismiss this action on the ground of qualified immunity.

2

On May 4, 2015, Defendants Reed and Yancy also filed a response [73] to Plaintiff's Motion. In it, they argue that the additional allegations in Plaintiff's Second Amended Complaint ("SAC") merely reinforce the allegations raised in his First Amended Complaint ("FAC"), and Plaintiff's motion should be denied. Specifically, Defendants Reed and Yancy argue that the "fresh paragraphs of Plaintiff's SAC . . . merely allege the duties Plaintiff was assigned to undertake. Accordingly, Plaintiff's assertion that he was not charged with reporting misconduct in his Department remains static." (Resp. at 2-3).

## II.   DISCUSSION

### A.   Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to file one amended complaint as a matter of course, if the amended complaint is filed either within 21 days of service of the original complaint or within 21 days of the defendant's filing of a responsive pleading or Rule 12 motion to dismiss. See Fed. R. Civ. P. 15(a)(1). Amended complaints outside of these time limits may be filed only "with the opposing party's written consent or the court's leave." See Fed. R. Civ. P. 15(a)(2).

Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "There must be a substantial reason to deny a motion to amend." Laurie v. Alabama Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). "Substantial reasons justifying a denial include "undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

B. Analysis

Plaintiff seeks to amend his FAC specifically to address the issue of qualified immunity on which the Court ordered briefing. Defendants assert that the SAC's additional allegations of Plaintiff's job responsibilities would not change the Court's inquiry regarding Defendants' motion to dismiss, because "Plaintiff's job description is not particularly relevant in considering whether he spoke as a public citizen or pursuant to his official duties." (Resp. at 3). The Court disagrees.

The Eleventh Circuit recently clarified that Garcetti v. Ceballos, 547 U.S. 410 (2006) "must be read narrowly to encompass speech that an employee made in accordance with or in furtherance of the ordinary responsibilities of her

4

employment, not merely speech that concerns the ordinary responsibilities of her employment." Alves v. Bd. of Regents of the Univ. Sys. of Ga., –– F.3d ––, ––, 2015 WL 6517011, at *9 (11th Cir. 2015).  To that end, "Garcetti and its progeny require a functional review of an employee's speech in relation to her duties or responsibilities."  Id. at *11 (internal quotations omitted).  Plaintiff's SAC outlines these duties and responsibilities.  Defendant has not articulated any substantial reason justifying denial.  See Laurie, 256 F.3d at 1274.  Plaintiff's Motion is granted, and Defendants Reed and Yancy's Motion to Dismiss therefore is denied as moot.

The Court also directs the parties to address the Eleventh Circuit's recent Alves opinion, in which it clarifies the Garcetti standard.  Defendants Reed and Yancy are required to renew, in a separate motion, their Motion to Dismiss, addressing the issue of qualified immunity in light of Alves.  The date by which the Motion and supporting Memorandum of Law are required to be filed is set forth at the end of this Order.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Jomo Reynolds' Motion for Leave to File A Second Amended Complaint [68] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Mayor M. Kasim Reed and Commissioner Yvonne C. Yancy's Motion to Dismiss [70] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendants Reed and Yancy shall file a Renewed Motion to Dismiss on the ground of qualified immunity specifically addressing the Eleventh Circuit's decision in Alves v. Bd. of Regents of the Univ. Sys. of Ga., ––F.3d––, 2015 WL 6517011 (11th Cir. 2015). Defendants shall file their Renewed Motion to Dismiss on or before November 30, 2015. Plaintiff shall file his response on or before December 14, 2015, and Defendants shall file any reply on or before December 23, 2015.

**SO ORDERED** this 12th day of November, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE